IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD E. POWERS,<br><br>       Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Civil Action No. 10-262-E |

O R D E R

AND NOW, this 22nd day of February, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

1

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises various arguments relating to the treatment of the medical opinions of Dr. Widad Bazzoui by the Administrative Law Judge ("ALJ") in finding that he was not disabled under the Social Security Act. The Court finds no merit in these arguments and, instead, finds that substantial evidence supports the ALJ's findings.

Plaintiff's primary contention is that the ALJ failed to clearly indicate the weight that was assigned to each medical source, specifically Dr. Bazzoui, one of his treating sources. While an ALJ must consider all of the relevant evidence and give reasons for discounting or rejecting certain pieces of evidence, he or she may afford a varying degree of weight to a treating medical source's opinion depending upon the extent to which the opinion is supported, and may reject such a source's opinion outright if faced with contradictory medical evidence. See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Here, the ALJ gave greater weight to Plaintiff's other treating and examining sources, including the state agency medical consultant, than to certain opinion evidence offered by Dr. Bazzoui. The ALJ adequately explained the basis for doing so, stating that Dr. Bazzoui's opinions were based on Plaintiff's subjective complaints and were inconsistent with the record at large, including Dr. Bazzoui's own notes, and pointing out issues with the timing and stated reasons for these opinions. (R. 17-18). Substantial evidence supports these stated reasons.

Plaintiff also alleges that, as the ALJ found inconsistency in regards to the opinions and notes of Dr. Bazzoui, the ALJ failed in his "duty" to contact the doctor for clarification, citing Social Security Ruling ("SSR") 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). That ruling, in relevant part, states that "[f]or treating sources, the rules also require that we make every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us." SSR 96-5p at *2. Reliance upon this ruling is misplaced, as the issue here was a lack of consistency rather than a want of clarity. In other words, there is no indication that the ALJ did not understand the basis of Dr. Bazzoui's opinions; rather, he found them to be inconsistent with other evidence.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

---

Finally, Plaintiff argues that the ALJ failed to follow SSR 85-15, 1985 WL 56857 (S.S.A.) (1985), in his evaluation of Plaintiff's mental impairments. This policy statement notes that a "*substantial* loss of ability to meet any of these basic work-related activities [including understanding, carrying out, and remembering simple instructions, responding appropriately to supervisors, coworkers, and usual work situations, and dealing with changes in a routine work setting, on a sustained basis] would severely limit the potential occupational base…justifying a finding of disability." SSR 85-15 at *4 (emphasis added). However, the ALJ's RFC determination was made with Plaintiff's limitations in mind after consideration of the entire record, and the ALJ's findings indicate that Plaintiff is not limited in the manner provided for in SSR 85-15. (R. 14-18). Substantial evidence supports these findings.